FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2015 FEB 23 PM 2:03

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

SALWA LAMONT,

        Plaintiff,

vs.

Case No.: 8:15-cv- 373 T35 TGW

KODY GREEN, in her official capacity as
Housing Choice Voucher Program Manager
for the Winter Haven Housing Authority,

and

LISA J. LANDERS, in her official
capacity as Executive Director for the
Winter Haven Housing Authority,

and

WINTER HAVEN HOUSING AUTHORITY,

        Defendants.

## COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

### Injunctive Relief Sought

Plaintiff, SALWA LAMONT, sues the Defendants, and alleges as follows:

I. **PRELIMINARY STATEMENT**

1. Plaintiff brings this action based on the violation of her rights to due process when she was terminated from participating in the Section 8 Housing Choice Voucher Program ("HCVP" or "Section 8") administered by the Winter Haven Housing Authority ("WHHA").

1



2. The dispute centers on the main issue of whether the Defendants have denied Ms. Lamont the due process accorded to her by law by refusing to hold a hearing on Defendants' decision to terminate Ms. Lamont's Constitutional property interest in her continued participation in the Section 8 HCVP.

3. The Section 8 program is governed by 42 U.S.C. §1437f and other related sections of 42 U.S.C. §1437; its basic purpose is to provide lower income families with safe, decent, and sanitary housing. The federal regulations of the U.S. Department of Housing and Urban Development ("HUD") that implement these statutes are found at 24 C.F.R. Part 982.

4. Plaintiff Salwa Lamont is a natural person, residing in Davenport, Polk County, Florida. Her family consists of herself and her four minor children.

5. Defendant Winter Haven Housing Authority is a public housing authority created and operated in accordance with Chapter 421 of the Florida Statutes, with its principal place of business located at 2653 Avenue C, SW, Winter Haven, FL.

6. Defendant Kody Green is the Housing Choice Voucher ("HCV") Manager of the Winter Haven Housing Authority, Winter Haven, Florida.

7. Defendant Lisa Landers is Executive Director of the Winter Haven Housing Authority, Winter Haven, Florida.

8. Ms. Lamont also seeks a determination that Defendants have unlawfully terminated her continued participation in the Housing Choice Voucher Program by deviating from the substantive provisions of 24 C.F.R. §982.555, the requirements of the due process clause of the Fourteenth Amendment of the United States Constitution, as well as other specific regulations and guidance provided by the U.S. Department of Housing and Urban Development ("HUD"), and as a result has been damaged.

9. Consistent with the foregoing, Plaintiff seeks to enjoin Defendants to reinstate, in good standing, Plaintiff's participation in the Housing Choice Voucher Program.

## II. JURISDICTION

10. Jurisdiction is conferred on this Court by 28 U.S.C. §1331 in that this is "federal question" litigation comprising a civil action arising under the laws of the United States.

11. Jurisdiction is also conferred by 28 U.S.C. §1343(a) (3) and (4).

12. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§2201 and 2202 with respect to Defendants.

## III. STATUTORY AND REGULATORY BACKGROUND

13. As set forth in 42 U.S.C. §1437f(a), the Section 8 housing assistance program was established by Congress under the following policy:

> For the purpose of aiding lower-income families in obtaining a decent place to live and of promoting economically mixed housing, assistance payments may be made with respect to existing housing in accordance with the provisions of this section.

14. As part of the controlling regulations titled "Informal hearing for participant", 24 C.F.R. § 982.555(a)(1)(v) details that, when requested, a hearing by the housing authority is required to determine whether a housing authority's decision to "...terminate assistance for a participant family because of the family's action or failure to act[]" was made "...in accordance with the law, HUD regulations and [housing authority] policies[.]"

15. According to 24 C.F.R. § 982.555(a)(2), the housing authority "...must give the opportunity for an informal hearing before...terminat[ing] housing assistance payments for the family under an outstanding [Housing Assistance Payment] HAP contract."

16. Written notice of the termination of continued participation in the housing assistance program that "[c]ontain[s] a brief statement of the decision," and "[s]tate[s] that if the family does not agree with the decision, the family may request an informal hearing on the decision..." is required by 24 C.F.R. § 982.555(c)(2)(i) and (ii).

17. When a hearing is requested, 24 C.F.R. § 982.555(d) requires that a housing authority "...proceed with the hearing in a reasonably expeditious manner...."

18. HUD has also published guidance to housing authorities in the Housing Choice Voucher Program Guidebook 7420.10G, in which Section 16.2 reiterates a housing authority's responsibility to proceed with an informal hearing in a reasonably expeditious manner.

## IV. **FACTUAL ALLEGATIONS**

19. Ms. Lamont and her family were participants in the Section 8 Housing Choice Voucher Program with various housing authorities from 2004 until 2012; first with the Housing Authority of the City of New Haven, CT from February 2004 to January 2010, with Haines City Housing Assistance from January 2010 to May 2012, and finally with WHHA from June 2012 to October of 2012.

20. Ms. Lamont complied with her obligation to complete her annual reexamination of her family's income and composition in January of 2012 with Haines City Housing Assistance.

21. As of June 1, 2012, the Winter Haven Housing Authority assumed the responsibility for administering the Section 8 HCVP for Haines City Housing Assistance participants.

22. On October 16, 2012, WHHA sent Ms. Lamont a "Section 8 Participant Notice of Termination" that informed her that her participation in the HCV program had already been

terminated for failing to meet her family obligations under the program. A copy of this Notice is attached as Exhibit "A".

23. The Notice is a checklist of the reasons listed in the governing regulations for terminating assistance for participants in the HCV program, and WHHA placed "XXX" alongside the provisions WHHA alleged were violated by Ms. Lamont, though without providing any facts as to the alleged violations.

24. After having stated that Ms. Lamont had already been terminated as a participant in the HCV program, the Notice also states that Ms. Lamont's assistance as a participant in the HCV program was not terminated, but would be on October 31, 2012, and lists some cursory facts that allegedly justified Ms. Lamont's assistance as a continuing participant in the program.

25. The Notice provides the opportunity to request an informal hearing if there is a disagreement with the proposed termination, however, the purpose of the hearing is not to ensure that the decision was made in accordance with the law, HUD regulations and WHHA policies, rather, the burden is shifted to the participant "...to present information about why your assistance should not be terminated."

26. The Notice required that an informal hearing be requested within ten days from the date of the Notice.

27. Ms. Lamont disagreed with the decision to terminate her participation from the program, and Ms. Lamont requested both on, and before, October 26, 2012 that an informal hearing be held.

28. An informal hearing was scheduled for November 16, 2012, but was canceled due to the lack of a hearing officer to preside over the hearing.

29. Despite Ms. Lamont's repeated requests to reschedule the hearing, Defendants have refused to schedule the informal hearing to determine if WHHA's decision to terminate Ms. Lamont's participation in the HCV program was made in accordance with the law, HUD regulations and WHHA policies.

## V. FIRST CLAIM FOR RELIEF

30. Ms. Lamont repeats and realleges Paragraphs 19 to 29 of the Complaint as if set forth more fully below.

31. WHHA's Notice terminating Ms. Lamont's participation in the HCV program contained contradictory and misleading information that deviates from regulations and regulatory guidance.

32. WHHA's Notice terminating Ms. Lamont's participation in the HCV program misstates the reasons for holding an informal hearing, improperly shifts the burden to the participant to disprove WHHA's justifications for terminating assistance under the HCV program, and deviates from regulations and regulatory guidance.

33. WHHA terminated Ms. Lamont's participation in the HCV program without sufficiently describing the grounds for such termination.

34. The cursory and vague form for terminating Ms. Lamont's participation in the HCV program did not provide sufficient notice of the reasons for her termination from the program for her to properly contest her termination.

35. Here, WHHA wrongfully and improperly terminated Ms. Lamont from the HCV program, thereby violating Ms. Lamont's procedural due process rights.

36. In unlawfully denying Ms. Lamont's procedural due process rights, the Defendants have deprived Ms. Lamont of her rights secured by the laws of the United States under color

of State law in violation of 42 U.S.C. § 1983, and 14th Amendment to the United States Constitution.

37. As a result of the unlawful deprivations of her legal rights, she has been damaged by not receiving her housing assistance under the program.

## VI. SECOND CLAIM FOR RELIEF

38. Ms. Lamont repeats and realleges Paragraphs 19 to 29 of the Complaint as if set forth more fully below.

39. In depriving Ms. Lamont of the opportunity for an informal hearing that was timely requested, Defendants have violated the substantive provisions of 24 C.F.R. § 982.555 and regulatory guidance, and have deprived Plaintiff of her rights secured by the laws of the United States under color of State law in violation of 42 U.S.C. § 1983.

40. As a result of the deprivation of her Constitutionally protected rights, Ms. Lamont has been damaged.

## VII. THIRD CLAIM FOR RELIEF

41. Ms. Lamont repeats and realleges Paragraphs 19 to 29 of the Complaint as if set forth more fully below.

42. Ms. Lamont has a Constitutionally protected property interest in her continuing participation in the HCV program.

43. Ms. Lamont has no adequate remedy at law.

44. Ms. Lamont will be irreparably harmed by the unlawful deprivation of her continuing participation in the HCV program absent injunctive relief.

## VIII. AWARD OF ATTORNEY'S FEES AND COSTS

45. Ms. Lamont gives notice that if determined to be the prevailing party in this action, she will seek an award under 42 U.S.C. § 1988 of the reasonable attorney's fees and costs for pursuing this action.

## IX. **PRAYER FOR RELIEF**

WHEREFORE, Ms. Lamont prays that the Court will enter judgment as follows:

1. Declare that Defendants have violated 42 U.S.C. § 1983 in failing to accord Ms. Lamont the procedural due process rights guaranteed to her by the due process clause of the Fourteenth Amendment of the United States Constitution;

2. Award damages to Ms. Lamont for the violations of her rights;

3. Enjoin the Defendants to reinstate Ms. Lamont's participation in the Section 8 HCV program;

4. Award reasonable attorney's fees and costs to Ms. Lamont pursuant to 42 U.S.C. § 1988; and

5. Grant such other and further relief to Ms. Lamont as may be just and equitable under the circumstances.

Respectfully Submitted,

_____
James R. Carr, Esq.
Florida Bar No.: 15063
3104 W. Waters Ave.
Suite 200
Tampa, FL 33614
813.419.3931
jrcesq0501@gmail.com
**Trial Counsel for Plaintiff**